IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IMS, INC. )
1436 U Street, N.W., Ste. 103 )
Washington, D.C. 20009 )
)
    Plaintiff, )
)
v. ) Civil Action No.
)
UNITED STATES DEPARTMENT )
 OF STATE )
2201 C Street, N.W. )
Washington, D.C. 20520 )
)
    Defendant. )
_____)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the United States Department of State ("State Department") to respond to two (2) FOIA requests of plaintiff.

2. This case seeks declaratory relief that the State Department is in violation of the FOIA, 5 U.S.C. §§ 552(a) and (b), for failing to respond to plaintiff's request for records and injunctive relief ordering defendant State to process immediately the requested records in their entirety.

### JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the State Department pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff IMS, Inc. is a corporation organized in the District of Columbia. IMS, Inc. conducts research for clients.

5. IMS, Inc. is harmed by the State Department's failure to comply with the FOIA because that failure hampers IMS, Inc.'s ability to complete research projects.

6. Defendant State Department is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. The State Department is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

7. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

8. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B). Any such delay may not exceed an additional ten working days beyond the initial 20-working-day period mandated by the FOIA. Id.

10. An agency must produce all responsive records except to the extent they, or any portion thereof, fall into one of nine specified exemptions. 5 U.S.C. § 552(b).

11. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

### FACTS UNDERLYING PLAINTIFF'S PRAYER FOR RELIEF

### REQUEST ONE

12. By letter dated April 27, 2012, Carly Hawkins of IMS, Inc. faxed a FOIA request on behalf of IMS, Inc. for "information held by the State Department and the United States Mission to the Organization for Economic Co-Operation and Development (OECD) regarding the Review of Telecommunications Policy and Regulation in Mexico conducted by the OECD and released in January 2012."

13. By letter dated May 25, 2012, an unsigned letter from the Requester Communications Branch of the State Department acknowledged the FOIA request and stated that the request had been assigned case number F-2012-26681.

### REQUEST TWO

14. By letter dated May 21, 2012, Ms. Hawkins faxed another FOIA request on behalf of IMS, Inc. for all "information held by the State Department regarding the Organization for Economic Co-operation and Development (OECD) broadband rankings." The request included a letter by "David Gross, State Dept. coordinator-International Communications & Information Policy, to the OECD on April 20, 2007."

15. By letter dated June 6, 2012, another unsigned letter from the Requester Communications Branch of the State Department acknowledged the FOIA request and stated that the request had been assigned case number F-2012-28399.

16. By letter dated August 30, 2012, Ms. Hawkins stated to the State Department that the request was made on behalf of IMS, Inc. and not in her personal capacity.

17. To date, the State Department has neither produced a single document to IMS, Inc. nor withheld or otherwise accounted for any responsive documents. State Department employees not associated with the actual processing of the records has orally stated to undersigned counsel in late August of 2012 that the State Department expects to produce the records in about four months. No further contact has been received from State Department.

18. The statutory time for the State Department to respond to IMS, Inc.'s April 27, 2012 and May 21, 2012 FOIA requests have run out and plaintiff has constructively exhausted its administrative remedies. 5 U.S.C. §§ 552(a)(6)(C) and 552(a)(6)(B); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 62 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records)

19. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

20. Plaintiff properly asked for records within the custody and control of the State Department.

21. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

22. The State Department wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of plaintiff's FOIA requests.

23. Plaintiff has exhausted administrative remedies with respect to the State Department's s wrongful withholding of the requested records.

24. Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Issue a declaration that defendant State Department has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request of April 27, 2012;

(2) Issue a declaration that defendant State Department has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request of May 21, 2012

(3) Order defendant the State Department to process immediately the requested records in their entirety at no cost to plaintiff;

(4) Order defendant State Department upon completion of such processing to disclose the requested records and make copies available to plaintiff at no cost to plaintiff;

(5) Award plaintiff reasonable attorney fees and litigation costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Scott A. Hodes (D.C. Bar 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone: (301) 404-0502
Fax: (413) 641-2833

Dated: September 28, 2012          Attorney for Plaintiff